UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                   **MEMORANDUM AND ORDER**
                                                      20-CR-461 (RPK)

        v.

ROCCO MANZIONE,

                Defendant.
------------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

        Defendant Rocco Manzione has served approximately twelve months of a thirty-month sentence for tax evasion under 26 U.S.C. § 7201 and willful failure to collect or pay over tax under 26 U.S.C. § 7202. *See* Judgment 1 (Dkt. #48). He now moves for compassionate release, asking that he be permitted to serve the remainder of his sentence in a halfway house or in home confinement. *See* Mot. for Compassionate Release ("Def.'s Mot.") (Dkt. #83). Defendant argues that compelling family circumstances warrant this modification of his sentence. *See id.* at 5–8. For the reasons explained below, the motion is denied.

        Under the compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A), a defendant may "move for a reduction in sentence, up to and including release from prison, in federal district court after satisfying a statutory exhaustion requirement." *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021). Before reducing a term of imprisonment, "a district court must 'find[] that . . . extraordinary and compelling reasons warrant such a reduction.'" *Ibid.* (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "District courts have 'broad' discretion to determine what constitutes an extraordinary and compelling reason." *United States v. Fox*, No. 22-10-CR, 2023 WL 379539, at *1 (2d Cir. Jan. 25, 2023) (quoting *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)). If such reasons exist, the court must then consider "'the factors set forth in

1

[S]ection 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." *Jones*, 17 F.4th at 374 (quoting 18 U.S.C. § 3582(c)(1)(A)). Even if extraordinary and compelling circumstances exist, "a district court's 'reasonable evaluation of the Section 3553(a) factors' is 'an alternative and independent basis for denial of compassionate release.'" *Ibid.* (quoting *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021)). Defendant has not shown extraordinary and compelling reasons for a reduction of his sentence or demonstrated an entitlement to relief in light of the Section 3553(a) factors.

Defendant primarily argues that his family circumstances constitute an extraordinary and compelling reason warranting his early release to a halfway house or home confinement. Defendant contends that his "incarceration has resulted in the Manzione family suffering catastrophically tough times," because "[t]he business entities that serve as the source of income for the family have been beset with financial issues as a direct result of [defendant's] absence." Def.'s Mot. 5. Defendant also states that his wife is the sole caretaker for her aging parents, adding "significant emotional and financial" stressors. *Id.* at 7. Defendant also notes his exemplary conduct in prison, *id.* at 2–3, and represents that he has "significant health issues that render him vulnerable to complications should he contract Covid-19," *id.* at 3 n.3.

While there is little doubt that defendant's incarceration has worked a hardship on his family, "who must bear the stress of managing their lives without the defendant's help," "[i]t is an unfortunate fact . . . that these burdens are common to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors" warranting a sentencing reduction. *United States v. Vailes*, No. 16-CR-297 (AMD), 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020); *see United States v. Laguerra*, No. 18-CR-0678 (JS) (AYS), 2022 WL 173111, at *3 (E.D.N.Y. Jan. 19, 2022) ("Defendant's desire to take care of and provide for his wife, children, and aging father is not an extraordinary and compelling reason for compassionate release either.");

2

*United States v. Francisco-Ovalle,* No. 18-CR-526 (AJN), 2021 WL 123366, at *3 (S.D.N.Y. Jan. 13, 2021) ("Defendant's desire to provide financial support for his family, while also admirable, applies broadly to incarcerated persons and does not in itself provide extraordinary and compelling reasons justifying release."); *United States v. Henareh*, No. 11-CR-93-1 (JSR), 2021 WL 119016, at *4 (S.D.N.Y. Jan. 13, 2021) ("Nor can it be said that financial hardship to one's family—a common result of one's committing a crime and being imprisoned—can of itself be called 'extraordinary.'"). Defendant's good behavior while in prison does not change the picture, because "[m]aintaining good conduct in prison is not uncommon, and indeed is expected." *United States v. Garcia*, No. 19-CR-210-1 (CS), 2022 WL 672758, at *2 (S.D.N.Y. Mar. 7, 2022). And defendant has not said what his "significant health issues" are, Def.'s Mot. 3 n.3, or set out any "evidence showing that COVID-19 posed increased risk to him" as compared to other prisoners, *United States v. Johnson*, No. 98-CR-860 (ARR), 2020 WL 2124461, at *2 (E.D.N.Y. May 5, 2020).

Even if extraordinary and compelling reasons for a sentence reduction were present, a reduction would be unwarranted based on the Section 3553(a) factors that generally inform sentencing. The defendant operated a tax-fraud scheme that lasted at least six years, Presentence Investigation Report ¶ 10 ("PSR") (Dkt. #35), and cost the government more than $2.8 million, *id.* ¶ 17. He failed to pay both taxes that he personally owed and Federal Insurance Contribution Act ("FICA") taxes owed by his businesses. *Id.* ¶¶ 1–2. In addition, the defendant collected from his employees the employee portion of FICA taxes but failed to pay that money to the IRS—effectively pocketing his employees' tax payments. *Id.* ¶ 7. Moreover, the defendant used somewhat elaborate means to effectuate his fraud. When one company accumulated unpaid taxes debts to the IRS, the defendant would open a purportedly new business, without tax liabilities, but maintain the same employees, functions, and sometimes bank accounts—thereby evading IRS

3

collections efforts. *Id.* ¶ 9. To conceal his own income while making significant personal expenditures, the defendant used a nominee entity to pay his bills. *Id.* ¶ 15. And to obtain a mortgage for a condominium in Miami while evading personal income taxes, the defendant filed false tax returns that were designed to qualify him for a mortgage while disguising the sources of his income. *Id.* ¶ 17. Given this conduct, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide adequate specific deterrence counsel against reducing the defendant's thirty-month sentence.

Furthermore, early release would undermine one of the Court's stated purposes for imposing the thirty-month sentence in this case: "to send a signal in tax cases that the rewards of tax fraud [do not] outweigh the risks." Sent'g Hearing Tr. 30:4–7 (Dkt. #94). Because general deterrence was an important factor in determining defendant's initial sentence, that factor weighs strongly against "truncating [defendant's] prison term" now. *United States v. Ferranti*, No. 95-CR-119 (RPK), 2021 WL 768233, at *4 (E.D.N.Y. Feb. 25, 2021) (collecting cases); *see United States v. Pascullo*, 21-CR-71 (DRH), 2022 WL 1240014, at *3 (E.D.N.Y Apr. 27, 2022).

In sum, defendant has not demonstrated extraordinary and compelling circumstances and granting defendant's request for early release to a halfway house or home confinement would fail to adequately reflect the seriousness of defendant's conduct, promote respect for the law, provide just punishment, or afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a). Defendant's motion is accordingly denied.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: August 14, 2023
      Brooklyn, New York